**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISON**

DONALD LYNN MARTIN                                              PETITIONER

v.                                             CIVIL ACTION NO. 3:24-CV-P237-CRS

MATT CALL                                                       RESPONDENT

**MEMORANDUM**

Petitioner Donald Lynn Martin filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] For the reasons that follow, the Court will summarily dismiss the instant action.

**I.**

In his § 2241 petition, Martin states that he is challenging his conviction from this Court. *See United States v. Martin*, No. 3:17-cr-141-DJH.[2] A review of the petition shows that Martin's grounds for challenging his conviction are all based upon the alleged ineffective assistance of counsel.

**II.**

Because a district court must direct a writ of habeas corpus "to the person having custody of the person detained," 28 U.S.C. § 2243, the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

[2] On August 16, 2018, following a jury trial at which he was convicted, the Court executed judgment against Martin for violation of 18 USC §§ 2422(b) and 2423(b). He was sentenced to terms of imprisonment of 120 months for each count, to run concurrently. The sentence also included a term of 10 years supervised release and fines and assessments totaling $15,200.

(6th Cir. 2003). Thus, because the petition indicates that Martin is currently incarcerated at RRM Detroit, the proper venue for this action is the United States District Court for the Eastern District of Michigan, where Martin's custodian is located.

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which mandates the transfer of such an action "if the transfer is in the interest of justice." *See Roman v. Ashcroft*, 340 F.3d at 328 (§ 1631 allows transfers of habeas petitions). A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) "transfer would not be in the interest of justice." *Id*. Here, the Court finds that a transfer would not be in the interest of justice because a first "peek at the merits" of the case shows that the transfer would ultimately prove futile. *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (court authorized to take a "'peek at the merits' to avoid raising false hopes and wasting judicial resources resulting from transferring case which is clearly doomed"); *see also Welch v. United States*, No. 14-1296-JDT-EGB, 2015 U.S. Dist. LEXIS 626 (W.D. Tenn. Jan. 6, 2015) (declining to transfer a § 2241 petition filed in the sentencing court to the district of incarceration because petitioner was clearly not entitled to relief); *West v. United States*, No. 1:10 CV 1085, 2010 U.S. Dist. LEXIS 114844 (N.D. Ohio Oct. 28, 2010) (same).

### III.

Section 2255 provides the primary mechanism for a federal prisoner to pursue post-conviction review of his federal conviction or sentence.[3] *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Charles v.*

---

[3] The record in Martin's criminal case shows that he filed a § 2255 motion in that action and that it was denied. *See United States v. Martin*, No. 3:17-cr-141-DJH (DNs 133, 240).

2

*Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Section 2241, on the other hand, generally concerns actions seeking habeas relief related to "'the execution or manner in which the sentence is served' - those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles*, 180 F.3d at 755-56). However, there is an exception. Section 2255(e) contains a "saving clause" that allows a federal prisoner to challenge his conviction or sentence in a § 2241 petition filed in the district where he is incarcerated if he can demonstrate that his remedy under § 2255 is "inadequate or ineffective." *See Charles*, 180 F.3d at 756. In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that this savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." An example of the type of unusual circumstance contemplated is where the sentencing court no longer exists. *See Jones*, 599 U.S. at 474 (citing *Witham v. United States*, 355 F. 3d 501, 504-05 (6th Cir. 2004)) ("A motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose."). In *Jones*, the Court clarified that that the inability of a prisoner to satisfy the requirements of § 2255(h) for filing a successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

Here, Martin has failed to show that the savings clause of §2255(e) applies. He does not assert that his case presents "unusual circumstances" under *Jones*. Thus, Martin is not entitled to relief under §2241, and the Court will not transfer the petition.

**IV.**

The Court will enter a separate Order consistent with this Memorandum.

Date: April 18, 2024

cc: Petitioner, *pro se*
U.S. Attorney
4411.011

Charles R. Simpson III, Senior Judge
United States District Court

3